

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-11-2008

# In Re: Kelley Troy Cooley

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4241

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Kelley Troy Cooley " (2008). 2008 Decisions. Paper 119.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/119

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4241
_____

IN RE: KELLEY TROY COOLEY,
                                          Petitioner


_____

On Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to D.C. Civil Action No. 1-07-cv-00208)

_____

Submitted Under Rule 21, Fed R. App. P.
November 26, 2008
Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Filed: December 11, 2008)
_____

OPINION
_____

PER CURIAM.

Kelley Troy Cooley brought an action in the United States District Court for

the Western District of Pennsylvania under the Civil Rights Act of 1871, 42 U.S.C. §

1983, against numerous defendants, including the County of Erie, Pennsylvania. Cooley

contended in his complaint that his constitutional rights were violated on March 7, 2007,

when, both during and after his criminal sentencing before Judge Cunningham in the

1

Court of Common Pleas of Erie County, sheriffs used excessive force while removing him from the courthouse. Cooley also alleged that county sheriffs used racial slurs against him and that prison officials denied him medical treatment.

Cooley filed numerous pre-trial motions in the case. A magistrate judge, who is presiding over pretrial matters, denied several of Cooley's motions. The motions included a motion to appoint trial counsel, a motion for leave to amend his complaint, and several discovery-related motions. Following the magistrate judge's orders denying the motions, Cooley sought review with the district judge. The district judge, upon review of the appeal, issued a June 26, 2008 Opinion and Order of the Court affirming the magistrate judge's prior determinations. He also denied motions filed by Cooley seeking to recuse the magistrate judge and to obtain a default judgment against defendants for their alleged failure to produce certain discovery.[1]

A writ of mandamus is an extraordinary remedy. See Kerr v. U.S. Dist Ct., 426 U.S. 394, 402 (1976). Within the discretion of the issuing court, mandamus traditionally may be "used ... only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Id. (citations omitted). A petitioner must show "no other adequate means to attain the desired relief, and ... a right to the writ [that] is clear and indisputable.'" See In re

---

[1] In a matter docketed at C.A. No. 08-3184, we address Cooley's interlocutory appeal of the district judge's order.

2

<u>Patenaude</u>, 210 F.3d 135, 141 (3d Cir. 2000) (citation omitted).

Cooley, in filing his petition for writ of mandamus, seeks in essence to obtain interlocutory review of the district judge's June 26, 2008 Order denying Cooley's various pretrial non-dispositive motions. Mandamus is not a substitute for appeal, however. <u>See</u> <u>Cheney v. U.S. Dist. Ct.</u>, 542 U.S. 367, 380-81 (2004); <u>Madden v. Myers</u>, 102 F.3d 74, 79 (3d Cir. 1996). Cooley has not demonstrated that he is without other adequate means for relief. <u>In re Patenaude</u>, 210 F.3d at 141. At a later time, on appeal (if necessary), Cooley may renew his arguments about the district court's rulings. Indeed, mandamus is "available only when necessary to prevent grave injustice." <u>Bogosian v. Gulf Oil Corp.</u>, 738 F.2d 587, 591 (3d Cir. 1984). We perceive no "grave injustice" here.

The only issue in Cooley's Petition for Writ of Mandamus over which this Court might provide mandamus review is the District Court's denial of Cooley's motion under 28 U.S.C. § 455 to recuse the magistrate judge. <u>See</u> <u>In re Sch. Asbestos Litig.</u>, 977 F.2d 764, 776-78 (3d Cir. 1992). Cooley's motion for recusal and belief that the magistrate judge showed bias are based primarily upon the magistrate judge's rulings on various motions that he filed. As the District Court correctly noted, judicial rulings rarely constitute a basis for recusal. <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994). We are not persuaded that the magistrate judge's rulings demonstrate any kind of bias, let alone one justifying mandamus relief.

For the foregoing reasons, mandamus relief is not appropriate here. We

3

will deny the petition. Petitioner's motion to intervene and demand for stay are DENIED.